**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| C.M., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | : | **Civil Action No. 24-5777 (SRC)** **OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff C.M. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning February 4, 2019. A hearing was held before ALJ Peter Lee (the "ALJ") on March 2, 2023, and the ALJ issued an unfavorable decision on May 12, 2023. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of May 12, 2023, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain nonexertional limitations. At step four, the ALJ also found that Plaintiff was able to perform her past work as a teacher aide. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes one argument on appeal: "The RFC is based not on the substantial evidence of record but instead on an unexplained and goal directed understatement of the severity and impact of plaintiff's impairments." (Pl.'s Br. at 6.)

Plaintiff's argument suffers from two principal defects: 1) the failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) the failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when

appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff begins with the assertion that the RFC is not based on substantial evidence. The Supreme Court has stated that "substantial evidence" "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 587 U.S. 97, 103, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019) (quoting Consolidated Edison, 305 U. S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). The problem here for Plaintiff is that, under Shinseki, it is not sufficient, on appeal, for a claimant to just say that the RFC is not supported by substantial evidence; the claimant bears the burden of showing harmful error. In Shinseki, the Supreme Court explained:

> To say that the claimant has the "burden" of showing that an error was harmful is not to impose a complex system of "burden shifting" rules or a particularly onerous requirement. In ordinary civil appeals, for example, the appellant will point to rulings by the trial judge that the appellant claims are erroneous, say, a ruling excluding favorable evidence. Often the circumstances of the case will make clear to the appellate judge that the ruling, if erroneous, was harmful and nothing further need be said. But, if not, then the party seeking reversal normally must explain why the erroneous ruling caused harm. If, for example, the party seeking an affirmance makes a strong argument that the evidence on the point was overwhelming regardless, it normally makes sense to ask the party seeking reversal to provide an explanation, say, by marshaling the facts and evidence showing the contrary.

556 U.S. at 410. In the instant case, Plaintiff's brief does not marshal the facts and evidence that support her case for disability. Plaintiff's brief does not identify specific errors that she contends the ALJ made, nor does she point to specific pieces of evidence of record that were overlooked or misinterpreted.

This Court declines to recite the ALJ's step four analysis point by point in order to rebut Plaintiff's conclusory assertion that it is not supported by substantial evidence. It is sufficient to

say that this Court has reviewed the ALJ's discussion and analysis at step four and that the ALJ carefully reviewed the evidence of record and explained the evidentiary basis for the determination that Plaintiff retained the residual functional capacity for light work, with certain additional limitations. The ALJ explained that he relied on the opinion of the state agency physician, Dr. Marks, whose opinion was found to be persuasive. (Tr. 27.) The ALJ specifically cited this determination by Dr. Marks:

> Based on the seven strength factors of the physical RFC (lifting/carrying, standing, walking, sitting, pushing, and pulling), the individual demonstrates the maximum sustained work capability for the following: LIGHT

(Tr. 88.) Dr. Marks' report includes a function-by-function assessment of the various underlying physical capacities necessary for light work on pages 85 through 87 of the record. Moreover, Dr. Marks clearly addressed the evidence of record related to the medical issues raised in Plaintiff's brief – in particular, the evidence of anemia and musculoskeletal impairments, such as the claimant's shoulder and arm difficulties. Plaintiff does not point to any evidence that either the ALJ or Dr. Marks overlooked. The Court finds that Dr. Marks' report constitutes substantial evidence which supports the ALJ's RFC determination at step four.

Many of Plaintiff's arguments ask this Court to reweigh the evidence, which it may not do. The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is

empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") In the instant case, Plaintiff essentially asks this Court to review the step four determination *de novo* and to reweigh the evidence, which it may not do. This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.")

For example, Plaintiff's brief quotes the ALJ's discussion of the evidence from Plaintiff's orthopedist, Dr. Mackessy, and comments that this evidence "would seem to pose an insurmountable challenge to the decisional light work RFC." (Pl.'s Br. at 20.) Plaintiff does not further explain this contention to develop an argument around it. The Court finds several problems here in Plaintiff's approach. First, Plaintiff has offered less than a sketch of a potential argument. Second, Plaintiff's brief quotes the ALJ's discussion of the evidence from the orthopedist but has cherry-picked the ALJ's decision, which has much more to say about the findings from Dr. Mackessy, as well as commentary and reasoning about the evidence. Third, and most importantly, Plaintiff has done no more here than offer a sketch of attorney argument that appears to ask that this Court reweigh the evidence related to Dr. Mackessy and substitute its findings for the Commissioner's. This cannot succeed. This Court has found that the ALJ's RFC determination is supported by substantial evidence and will not review the RFC determination *de novo*.

Plaintiff's brief then turns to the ALJ's discussion of the evidence of record about Plaintiff's anemia. (Pl.'s Br. at 21-22.) Plaintiff writes: "The chronic and provable fatigue would certainly give rise to the notion that light work was incompatible with this chronic

condition." (Pl.'s Br. at 22.) Plaintiff overlooks that, in the ALJ's discussion of the anemia, quoted in Plaintiff's brief, the ALJ stated that the latest office notes from the physician treating Plaintiff's anemia stated: "On March 17, 2020, the claimant stated that she was 'feeling ok' with no new symptoms." (Tr. 26.) Again, the Court declines to reweigh the anemia evidence *de novo*, but notes that this quote in Plaintiff's brief points to evidence that could be considered to be substantial evidence in support of the conclusion that Plaintiff's anemia does not prevent her from performing light work.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors. Plaintiff has not shown that the ALJ made any material and prejudicial error and has made no demonstration of prejudice as required by Shinseki. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: October 8, 2026